UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RONALD COLE, ) | CASE NO. 4:12 CV0353 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ROBERT L. FARLEY, ) | |
| ) | |
| Respondent. ) | |

*Pro se* petitioner Ronald Cole filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Robert L. Farley, Warden at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton").

Petitioner, who is incarcerated at F.C.I. Elkton, asserts he was denied due process by the Respondent during a disciplinary hearing at F.C.I. Elkton. He seeks the restoration of 40 days Good Credit Time (GCT), which was forfeited as a sanction for violating Bureau of Prison (BOP) codes. For the following reasons, the Petition is denied.

*Background*

According to the Incident Report, on May 17, 2011, Senior Officer Niski observed Petitioner walking through the Unit Hallway at 2:45 p.m. wearing a prison issued T-shirt, with his inmate jumpsuit tied around his waist. She directed him to immediately wear his uniform in the proper manner. When he ignored her directive, Officer Niski called Petitioner to her office. He allegedly arrived at her office speaking in a loud, aggressive tone, yelling that he was entitled to wear his uniform tied around his waist and raised his hand in the air. When Officer Niski told Petitioner to calm down and speak in a quieter manner, his voice only grew louder. At that point, Officer Niski called the operational lieutenant to explain the situation. He asked Officer Niski to bring Petitioner to his office. While Petitioner was being escorted to the operational lieutenant's office, he continued to aggressively yell in front of other prisoners that he did not care about the SHU [Special Housing Unit].

The Incident Report was issued charging Petitioner with "engaging or encouraging a group demonstration" in violation of Code 212 and "refusing to work, or accept program assignment" in violation of Code 306. A copy of the report was provided to Petitioner at 7:20 pm on May 17, 2011. Three days later, Petitioner received a Notice of Disciplinary Hearing. Petitioner noted on the Notice that he declined a staff representative and witnesses.

A hearing was held on June 15, 2011 before the Disciplinary Hearing Officer (DHO). According to the Disciplinary Hearing Officer Report, Petitioner denied the charges. He stated he was on his way to the bathroom when Officer Niski stopped him. Just before that point, Petitioner claims he had asked another inmate to pull his jumpsuit off of his shoulders because he could not do it without assistance. Officer Niski allegedly interrupted Petitioner

-2-

before he could get help to pull the jumpsuit back over his shoulders. He added that he never yelled or raised his hand to the officer.

In addition to the Incident Report and investigation, the DHO considered a two-page, handwritten statement provided by Petitioner, dated May 21, 2011, as well as a May 17, 2011 memorandum submitted by Lieutenant D. Johnson. The memo from Lt. Johnson explained that Petitioner had a history of improperly wearing his assigned uniform. Lt. Johnson noted that on May 16, 2011, Petitioner was "issued and counseled on the proper wearing of the jumpsuit, based upon [his] refusal to properly wear standard issued inmate uniform." (Pet.'s Ex. C. at 2.)

The DHO considered Petitioner's statements as an attempt to undermine the truthfulness of Officer Niski's account, but found him less credible than the officer's report or Lt. Johnson's memo. Based on the greater weight of evidence/facts and because neither employee had a motive to lie, the DHO found that Petitioner committed the prohibited act of "conduct which disrupts the orderly running of the institution" in violation of Code 299, "threatening another with bodily harm" in violation of Code 203, and "refusing to obey an order of a staff member" in violation of Code 307.

For violating "Code 299 most like 203," Petitioner was sanctioned with the loss of 30 days disciplinary segregation, 27 days disallowance of GCT, 180 days loss of commissary privileges, and 365 days loss of visitation privileges. The DHO also sanctioned Petitioner with 15 days disciplinary segregation, 13 days disallowance of GCT, and 180 days impound of personal property for violating Code 307. He was advised of his right to appeal within 20 calendar days under the Administrative Remedy Procedure. A copy of the DHO's report was delivered to Petitioner on July 28, 2011.

Petitioner attaches a copy of an Administrative Remedy receipt indicating his Regional Appeal was received on August 10, 2011. Another receipt shows that his Central Office Appeal, was received on September 28, 2011, but Petitioner was advised that additional time was needed to respond. A response date of November 27, 2011 was posted. While Petitioner states he exhausted his administrative remedies, he does not attach a copy of any responses to his administrative appeals.[1]

*Standard*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Petitioner has not met his burden.

*Discussion*

Petitioner maintains he has a liberty interest in accruing GCT which entitled him to due process protection when he was sanctioned with the loss of 40 days GCT. This entitlement included the right to at least 24 hours advance notice of the charges leveled against him. Petitioner claims that when the DHO found that he had violated codes that were not charged on the Incident Report, he was denied advance notice of the "true charges for which he

---

[1] Petitioner does attach a August 11, 2011 letter addressed to him from Warden Farley in response to his request for permission to visit his brother. The request was denied based on the sanctions imposed for Petitioner's code infraction.

-4-

was found guilty." (Pet.'s Br. in Supp. at 2.)  Moreover, Petitioner maintains there is no BOP policy which authorizes "a change in charges" at a DHO hearing. Petitioner complains he was unable to call witnesses or defend against the charges for which he was found guilty.

In his prayer for relief, Petitioner asks the Court to restore the 40 days GCT forfeited by his conviction for charges which he alleges were imposed in violation of the Constitution.

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is appropriate when a petitioner claims he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Habeas relief is not solely restricted to requests for immediate release, but extends to claims that a prisoner was unconstitutionally deprived of good-time credits as a result of disciplinary proceedings.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  In *Preiser*, the Court held that the deprivation of good-time credits would have caused the prisoners to be illegally detained longer than they would otherwise be detained if the good-time credits were awarded. *Id.* at 487.  Therefore, habeas corpus is Petitioner's exclusive mode of relief because his circumstances situation falls "squarely within [the] traditional scope of habeas corpus." *Id.*

If a prisoner is faced with the loss of GCT, due process requires the prisoner receive the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the fact finder of the evidence relied on and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

Petitioner claims he was denied his fundamental right to advance written notice of the charges for which he was convicted and sanctioned. While he believes there is no policy that would support the DHO's actions, BOP policy suggests otherwise.

The BOP Program Statement in effect at the time Petitioner's sanctions were imposed stated in pertinent part:

> The DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. The DHO shall find that the inmate either:
>
> (1) Committed the prohibited act charged *and/or a similar prohibited act if reflected in the Incident Report*; or
>
> (2) Did not commit the prohibited act charged or a similar prohibited act if reflected in the Incident Report.

*Inmate Discipline & Special Housing Units*, BOP P.S. §5270.08(f)(emphasis added).[2] Therefore, BOP policy provides that the DHO may find a prisoner committed an act which is similar to the act charged as long as the Incident Report reflects that the prohibited act was committed.

Here, the DHO found Petitioner engaged in prohibited conduct which was similar to the prohibited act charged. Because Petitioner's sole basis for denial of due process, i.e., the alteration to the charged offence, is permitted by BOP policy, Petitioner was not unconstitutionally deprived of GCT. Accordingly, Petitioner is not entitled to habeas relief.

*Conclusion*

Based on the foregoing, the Petitioner's Motion to Proceed In Forma Pauperis is granted and the Petition is denied. The Court certifies that an appeal from this decision could not

---

[2]The Program Statement was updated, effective July 11, 2011. It is now identified as P.S. 5270.09. The substance of the original PS has not been altered.

be taken in good faith.

       IT IS SO ORDERED.


       /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      UNITED STATES DISTRICT JUDGE

Dated: 6/15/12